No. 89–7280.   GOLUB v. IBM CORP.; GOLUB v. ERNST & WHINNEY ET AL.; GOLUB v. WEINER & CO.; and GOLUB v. UNIVERSITY OF CHICAGO.   C. A. 2d Cir.   Motion of petitioner to defer consideration of the petition for writ of certiorari denied. Certiorari denied.   JUSTICE BLACKMUN and JUSTICE STEVENS took no part in the consideration or decision of this motion and this petition.

No. 88–1951.   UNITED STATES v. DALM, 494 U. S. 596;

No. 88–7555.   ROE v. OHIO, 494 U. S. 1060;

No. 89–937.   DE KLEINMAN v. RESIDENTIAL BOARD OF MANAGERS OF THE OLYMPIC TOWER CONDOMINIUM ET AL., 493 U. S. 1073;

No. 89–942.   ROOKER v. RIMER, 493 U. S. 1073;

No. 89–1034.   GOLDSTEIN v. DELTA AIR LINES, INC., 493 U. S. 1078;

No. 89–1169.   COMORA ET AL. v. RADELL ET AL., 494 U. S. 1028;

No. 89–1301.   SAFIR v. UNITED STATES LINES, INC., ET AL. (two cases), 494 U. S. 1031;

No. 89–5257.   JOHNSON v. CALIFORNIA, 494 U. S. 1038;

No. 89–5478.   MOORE v. KENTUCKY, 494 U. S. 1060;

No. 89–6146.   BLACKMON v. ALABAMA, 494 U. S. 1032;

No. 89–6165.   LUCAS v. BUNNELL, WARDEN, ET AL., 494 U. S. 1032;

No. 89–6293.   FERREL v. UNITED STATES, 494 U. S. 1032;

No. 89–6301.   BOOTH v. K MART CORP. ET AL., 493 U. S. 1087;

No. 89–6452.   BURSON v. SCOTT, WARDEN, 494 U. S. 1033;

No. 89–6519.   MARSH v. UNITED STATES, 494 U. S. 1034;

No. 89–6537.   LEWIS v. RUSSE ET AL., 494 U. S. 1035;

No. 89–6538.   FIERRO v. COLLINS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, 494 U. S. 1060;

No. 89–6551.   IN RE MARTIN, 494 U. S. 1025;

No. 89–6583.   SMITH ET UX. v. SOONER FEDERAL SAVINGS & LOAN ASSN., 494 U. S. 1058;

No. 89–6595.   BAKER v. OHIO, 494 U. S. 1058; and

No. 89–6680.  RAY *v.* UNITED STATES SENATE ET AL., 494 U. S. 1069.  Petitions for rehearing denied.

No. 89–1210.  HARDUVEL ET AL. *v.* GENERAL DYNAMICS CORP., 494 U. S. 1030.  Motion of petitioners to defer consideration of the petition for rehearing denied.  Petition for rehearing denied.

MAY 16, 1990

No. A–805 (89–7503).  ANDERSON *v.* COLLINS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION.  C. A. 5th Cir.  Application for stay of execution of sentence of death, presented to JUSTICE WHITE, and by him referred to the Court, denied.  JUSTICE BLACKMUN and JUSTICE STEVENS would grant the application.

JUSTICE BRENNAN with whom JUSTICE MARSHALL joins, dissenting.

I dissent from the denial of the application for stay of execution. I believe that the procedural posture of this case makes a stay particularly appropriate.  This is petitioner's first petition for a writ of habeas corpus.  The petition raises a substantial and recurring claim based on our decision in *Penry* v. *Lynaugh*, 492 U. S. 302 (1989), that Texas law precluded the presentation and consideration of mitigating evidence at the sentencing phase of his trial.  The petition was pending in the District Court for the Eastern District of Texas for three years before the District Court ultimately rejected petitioner's claims on March 9, 1990.  After that ruling, the State immediately sought, and the trial court subsequently granted, an execution date of May 17.  Such an early execution date deprived the Court of Appeals for the Fifth Circuit and this Court of the opportunity to review fully the merits of petitioner's claim.  This needless burden on federal review of potentially meritorious capital claims should not be sanctioned by this Court.  Even the Judicial Conference's recent proposal for streamlined review in capital cases is premised on the view that a prisoner is entitled to "one complete and fair course of collateral review in the state and federal system, *free from the time pressure of impending execution*."  Judicial Conference of the United States, Ad Hoc Committee on Federal Habeas Corpus in Capital Cases, Committee Report and Proposal 6 (Aug. 1989) (emphasis added).  Petitioner is entitled to no less today.